## Tuck v. Fitts.

If a demandant in dower die pending an action, it will not survive in favor of her administrator to recover damages for the detention, as provided by the Revised Statutes, chapter 205, section 4.

Dower. The plaintiff brought this action to recover her dower of a certain farm, of which she alleged that she was dowable; and also to recover damages for the detention of the same, alleging a demand upon the defendant on the 2d day of January, 1845. The writ was dated July 22, 1845.

After the commencement of the term the plaintiff deceased, and her counsel moved the court that the action be continued, in order that an administrator might be appointed on the estate of the plaintiff, and have an opportunity to come in and prosecute this action for the recovery of the damages.

The defendant objected, contending that the action was

---

---

discontinued by the decease of the plaintiff, and that the cause of action to recover the damages did not survive.

*Bell & Tuck,* for the demandant.

*Emery,* for the tenant.

Woods, J. In general, damages are not awarded in real actions for the detention of land demanded; but in the action of dower, which is of this class, the statute provides for the recovery of damages in a particular case.

By the Revised Statutes, chapter 205, section 4, "If the demandant recovers judgment for her dower, she shall also, in the same action, recover reasonable damages for the detention thereof by the tenant," &c.

In the case before us, by the death of the demandant the action has become abated, and the estate has determined. The recovery of dower has, therefore, been rendered impossible, and the only condition upon which the statute gives the demandant a right to recover damages has irretrievably failed. It is not certain that the demandant, if she had lived, would have shown herself entitled to dower, and that question cannot be tried when there is no party who can recover.

*Motion denied, and action discontinued.*

# STRAFFORD,

## JULY TERM, A. D. 1846.